# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### Springfield Division

| | |
|---|---|
| **LORENZO F.,** | |
| **Plaintiff,** | |
| v. | Case No. 24-3320-CRL-EIL |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| **Defendant.** | |

## REPORT AND RECOMMENDATION

Plaintiff Lorenzo F. seeks review under sentence four of 42 U.S.C. § 405(g) of the Social Security Administration's denial of Plaintiff's request for disability benefits. Upon review of the record, administrative transcript, and briefs of the parties, the Court recommends that the Commissioner's decision be affirmed.

### I.     Legal Standard

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is disabled, the administrative law judge ("ALJ") conducts a five-step inquiry: (1) whether the claimant is currently unemployed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals any of the listings found in the regulations, *see* 20 C.F.R. § 404, Subpt. P, App. 1 (2004); (4) whether the claimant is unable to perform his former occupation; and (5) whether the claimant is unable to perform any other available work in light of his age, education, and work experience. 20 C.F.R. § 404.1520(a)(4); *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000). These steps are to be performed sequentially. 20 C.F.R. § 404.1520(a)(4). "An affirmative answer leads either to the next step, or, on Steps 3 and 5,

to a finding that the claimant is disabled. A negative answer at any point, other than Step 3, ends the inquiry and leads to a determination that a claimant is not disabled." *Clifford*, 227 F.3d at 868 (quotation marks omitted).

The Supreme Court instructs that in reviewing disability cases courts should "defer[] to the presiding ALJ, who has seen the hearing up close." *Biestek v. Berryhill,* 139 S. Ct. 1148, 1151 (2019). The district court's role is "limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." *Morales v. O'Malley*, 103 F.4th 469, 472 (7th Cir. 2024).

The threshold for substantial evidence "is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks omitted). When reviewing a disability decision for substantial evidence, "[w]e will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

**II.    Analysis**

Plaintiff argues the Court should reverse the ALJ's decision and remand the case for two reasons. First, Plaintiff argues the ALJ's residual functional capacity ("RFC") fails as a matter of law because it does not account for Plaintiff's inability to perform basic work activities. Second, Plaintiff argues that the ALJ failed to include work-related limitations in the RFC accounting for Plaintiff's moderate limitations in concentrating, persisting, or maintaining pace.  Neither argument merits remand.

Plaintiff first argues that any finding of a severe mental impairment at Step 2 requires a corresponding limitation on basic work activities in the RFC at Step 4. Plaintiff's logic is premised on the proposition that a mental impairment is only severe if it significantly limits the claimant's ability to do basic work activities like those listed in

2

the regulations. *See* 20 C.F.R. § 404.1422(a). Therefore, according to Plaintiff, the RFC must reflect those limitations on basic work activities that led to the Step 2 determination.[1]

Plaintiff's reliance on the Step 2 findings as a basis for remand is misplaced. Step 2 is a threshold inquiry at which a claimant must demonstrate a medically determinable impairment that is severe. 20 C.F.R. § 404.1520(c). Plaintiff is correct that the ALJ cannot ignore findings from Step 2 in the RFC. The RFC is an assessment of a claimant's "ability to perform work-related activities despite his limitations." *Surprise v. Saul*, 968 F.3d 658, 661 (7th Cir. 2020). "[A]ll impairments—both severe and nonsevere—are considered in the RFC analysis." *Corkle v. Kijakazi*, 2023 WL 179983, at *3 (Jan. 13, 2023); *Ray v. Berryhill*, 915 F.3d 486, 492 (7th Cir. 2019) (in assessing the RFC, "the ALJ must [ ] consider the limitations imposed by all impairments, severe and non-severe."). The regulations do not require that the ALJ then find that a non-severe impairment would impose a work restriction, but the ALJ is still required to explain how he arrived at that conclusion. *Robin L. T. v. Bisignano*, 2025 WL 2830171, at *3 (N.D. Ill. Oct. 6, 2025).

Plaintiff is wrong in insisting that findings of a severe impairment also require the ALJ to include additional definitional limitations that were not part of those factual findings (i.e., that the RFC is inconsistent with a finding of a severe mental impairment). The ALJ's findings were not contradictory merely because he did not list a "basic" activity in the RFC; the term "basic work activities" refers generally to "the abilities and aptitudes necessary to do most jobs," such as "understanding, carrying out, and remembering simple instructions." *See* 20 C.F.R. § 404.1522(b). The ALJ addressed Plaintiff's mental capabilities in the RFC, including limitations in concentration and understanding instructions. And while the ALJ was required to thoroughly explain the basis for the RFC findings, he was not required to explicitly match particular impairments to corresponding functional limitations in the RFC. *See Knox v. Astrue*, 327 F. App'x 652, 657 (7th Cir. 2009) ("[T]he expression of a claimant's RFC need not be articulated function-

---

[1] Plaintiff essentially insists that once a severe mental impairment is found at Step 2, limitations to basic work activities must be incorporated in the RFC without regard for any personalized factual determination and that any failure to include limitations to basic work activities requires remand as a matter of law.

by-function; a narrative discussion of a claimant's symptoms and medical source opinions is sufficient.") (citations omitted); *Vujnovich v. Astrue*, No. 2:10-CV-43 JD, 2011 WL 1157499, at *14 (N.D. Ind. Mar. 28, 2011) (finding that an ALJ needs to "explain how the evidence supports her conclusions," but need not provide a function-by-function explanation); *Pinder v. Astrue*, No. 3:09-CV-363-TS, 2010 WL 2243248, at *6 (N.D. Ind. June 1, 2010) (explaining that while ALJs must undertake a function-by-function "assessment," the expression of a claimant's RFC need not be articulated function-by-function) (citing SSR 96–8p, 1996 WL 374184 (July 2, 1996)). In this case, the ALJ provided a thorough narrative discussion of the record and the medical opinions. Plaintiff does not identify evidence the ALJ ignored, nor does he argue that any additional limitations would have been factually appropriate. *See Kinsey v. Berryhill*, No. 2:16-CV-69-PRC, 2017 WL 1101140, at *8 (N.D. Ind. Mar. 24, 2017) ("Plaintiff does not acknowledge the ALJ's thorough discussion and treatment of the records. Nor does Plaintiff argue what additional limitations should be included in the RFC based on these impairments and symptoms or how the RFC does not account for them."); *Cobb v. Saul*, 2019 WL 4267910, at *3 (N.D. Ind. Sept. 9, 2019) (rejecting this precise argument).

Moreover, the ALJ sufficiently accounted for all Plaintiff's limitations in the RFC, including the moderate limitation in his ability to concentrate, persist, and maintain pace. SSR 96-8p requires that the RFC assessment include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence. The ALJ must also provide an "accurate and logical bridge" from the evidence to his conclusions. SSR 96-8p. "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." SSR 96-8p.

At Steps 2 and 3, the ALJ found the following limitations: 1) mild limitations in understanding, remembering, or applying information; 2) moderate limitation in interacting with others; 3) moderate limitation with regard to concentrating, persisting, or maintaining pace; and 4) mild limitation for adapting or managing oneself. (Tr. 20-21).

These factual findings led to the conclusion that, at Step 2, Plaintiff had severe mental impairments. (Tr. 19).

In determining the RFC, as required, the ALJ considered each of these limitations after thoroughly reviewing the medical evidence.[2] The first limitation (mild limitations to understanding, remembering, or applying information) and third limitation (moderate limitation with regard to concentrating, persisting, or maintaining pace) were addressed at page 9 of the Decision. (Tr. 25). The ALJ considered the psychological consultant opinions, finding them "somewhat persuasive," but contrasted them with other evidence in the record, including, among other things, Plaintiff's positive response to conservative treatment and his good activities of daily living. After considering all the evidence, the ALJ stated that Plaintiff is capable of performing detailed tasks, explaining that "[t]his is consistent with the record, including claimant's lack of reports of difficulties with cognitive functioning, his good activities of daily living, and his report of feeling able to perform his semiskilled past relevant work from home." (Tr. 25).

The ALJ also accounted for the next limitation (Moderate limitation in interacting with others). The ALJ explained that:

> He is able to interact with his providers appropriately. He is able to socialize with others. While he does display anxious behaviors, he can attend appointments in person. He leaves his home most days to exercise outdoors. He can visit his mother's home. In addition, claimant reports significant improvement in his anxiety symptoms, with very minimal panic attacks as noted as of late 2023.

(Tr. 26) (citations to Record omitted).

Finally, the ALJ considered Plaintiff's remaining impairment (Mild limitation for adapting or managing oneself). While not specifically identified as the others were, the ALJ noted throughout his analysis Plaintiff's response to treatment and examples of "his

---

[2] As an initial matter, the ALJ determined that, although Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (Tr. 23). The ALJ found the statements "inconsistent with the overall record." *Id.* The ALJ further noted that "there are no opinions from claimant's treatment providers indicating he is unable to work." *Id.*

good activities of daily living." These included exercising, attending appointments, regularly leaving his home, and performing past relevant work from home. All this could be done without any outside assistance.

In fashioning Plaintiff's RFC, the ALJ considered each of Plaintiff's limitations and explained how the evidence supported his conclusions. Ultimately, the ALJ provided in the RFC for non-exertional limitations that Plaintiff "can carry out detailed but not complex instructions. Can occasionally interact with supervisors, coworkers, and the public." (Tr. 22). Importantly, the ALJ included the following summary of his assessment:

> Overall, based on the claimant's moderate limitation in concentrating, persisting, or maintaining pace he is limited to performing detailed but not complex work. Based on his moderate limitations in interacting with others he is limited to work that requires only occasional interaction with others. However, based on the claimant's reports of improvements in his symptoms with treatment, his generally good mental status examinations, including his ability to cooperate with his providers, his conservative treatment, and his good activities of daily living, including an ability to perform his personal and household tasks without difficulties, his reports of socializing with others, his ability to go out most days to exercise, and his ability to attend in person appointments and visit family, the undersigned does not find that additional limitations are supported.

(Tr. 25).

This conclusion resulted from a factual analysis, determined on a case-by-case basis, precisely as the law requires. The ALJ quite thoroughly explained the basis for his findings and supported those findings with sufficient evidence from the record. The Court sees no basis for remand.

Finally, even if the ALJ's RFC assessment was flawed, any error was harmless. *See McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011). It is unclear what kinds of work restrictions might address Plaintiff's limitations in concentration, persistence, or pace because he proposes none and references no evidence from the record to support any. The ALJ found that Plaintiff had a moderate limitation in concentrating, persisting, or maintaining pace and imposed a restriction in the RFC. But Plaintiff cites no evidence

that those deficits keep him from performing any tasks allowed by the RFC. *See Simila v. Astrue*, 573 F.3d 503, 521 (7th Cir. 2009) (claimant with deficiencies in concentration, persistence, or pace can perform semiskilled work); *Sims v. Barnhart*, 309 F.3d 424, 431 (7th Cir. 2002) (claimant with moderate limitations in concentration, persistence, or pace can perform "simple and repetitive light work"). Because Plaintiff did not point to any evidence to support further restrictions, and the Court found none in the medical record to support any, there are no evidence-based restrictions that the ALJ could include in a revised RFC finding on remand. *See Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019). Remand would serve no useful purpose.

In conclusion, the Court has reviewed Plaintiff's arguments and recommends the ALJ's Decision be upheld.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within fourteen (14) days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 6th day of January, 2026.

                                                      s/ERIC I. LONG
                                      UNITED STATES MAGISTRATE JUDGE